IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN EUGENE CALDWELL,                    )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )      Civil Action No. 1:20-100
                                         )
KILOLO KIJAKAZI, Acting Commissioner of  )
Social Security[1],                      )
                                         )
                Defendant.               )
                                         )

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 19, 21]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 20, 22]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") partially denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about June 17, 2016, Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.

protectively applied for DIB. [ECF No. 11-5 (Ex. 1D)]. In his application, he alleged that since January 1, 2015, he has been disabled due to COPD and heart problems. [ECF No. 11-6 (Ex. 1E)]. His date last insured was December 31, 2019. [ECF No. 11-2 at 18].[2] The state agency denied his claims initially, and he requested an administrative hearing. Administrative Law Judge ("ALJ") Brian Wood held a hearing on September 11, 2018, at which Plaintiff was represented by counsel. [ECF No. 11-2, at 28-49]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 45-48. In a decision dated November 30, 2018, the ALJ found that, beginning on April 17, 2018, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was disabled under the Act as of that date. Id. at 16-23. The ALJ found that Plaintiff was not disabled prior to April 17, 2018. Id. Plaintiff requested review of the ALJ's partially favorable determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review. Id. at 1-6. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 19, 21]. The issues are now ripe for my review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such

---

[2] To receive DIB, Plaintiff must establish that he became disabled prior to December 31, 2019, the date on which his insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not

satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER THE ALJ ERRED IN DETERMINING PLAINTIFF'S DISABILITY ONSET DATE**

Plaintiff's sole argument on appeal is that the ALJ erred in determining his disability onset date. [ECF No. 20, at 13-20]. After careful consideration, I disagree.

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, history of compression deformity at T12 of the thoracic spine, COPD, obstructive sleep apnea, bilateral hearing loss, Barrett's esophagus, gastroesophageal reflux disease, and obesity. [ECF No. 11-2, at 18-19]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 19. The ALJ further found that, prior to April 17, 2018, Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567 except he could never climb ladders, ropes, or scaffolds; could frequently climb ramps and stairs; could frequently balance, stoop,

kneel, crouch, and crawl; must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, as well as extreme heat, extreme cold, wetness, and humidity; and must avoid all exposure to hazards such as heights and moving machinery. [ECF No. 11-2, at 19-21].

The ALJ further found that, beginning on April 17, 2018, Plaintiff had the RFC to perform only light work as defined in 20 C.F.R. § 404.1567, with the same additional restrictions. Id. at 21. The ALJ explained, inter alia, that, as of April 2018, the medical evidence showed an increase in Plaintiff's pain, which required referral to a pain clinic, and diagnostic studies showed increased findings in the lumbar spine. Id. (citing Ex. 8F).

The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs in the national economy that Plaintiff could perform prior to April 17, 2018, and, therefore, Plaintiff was not disabled prior to that date. Id. at 22-23. Beginning on April 17, 2018, however, Plaintiff could perform only restricted light work, and there were no jobs that Plaintiff could perform as of that date. Id. at 23. The ALJ explained that, even if Plaintiff had the capacity to perform the full range of light work, a finding of disabled was directed by Medical-Vocational Rule 202.06. Id.

Plaintiff appeals the ALJ's pre-April 17, 2018 RFC finding that Plaintiff could perform medium work and his conclusion that Plaintiff was not disabled prior to that date. [ECF No. 20 at 14-20]. Plaintiff argues that, contrary to the ALJ's findings, his disability began on January 1, 2015, the onset date asserted in his disability application. Id. Specifically, Plaintiff contends that the ALJ erred in relying on a September 2016 opinion of the non-examining state agency consultant because the consultant did not consider Plaintiff's October 25, 2016 chest x-ray that was suspicious for airspace disease in the right lung base or his November 23, 2016 pulmonary function test that showed him to have severe COPD. Id. at 14-15. Plaintiff asserts that his severe

COPD, if known by the state agency consultant, would have "clearly impacted" the opinion and finding of medium work. Id. Plaintiff further states that the ALJ and the Appeals Council should have exercised their discretion to call the services of a Medical Expert to determine the effect of his COPD on his ability to perform medium work at least as of November 23, 2016. Id.

Plaintiff's argument in this regard is unpersuasive. RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. Id. Ultimately, however, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). Here, substantial evidence more than adequately supports the ALJ's pre-April 17, 2018 RFC finding. See ECF No. 11-2 at 19-21 (citing Exs. 1A, 2F, 3F, 5F, 6F, and Hearing Testimony). Moreover, in making this RFC finding, the ALJ extensively considered Plaintiff's COPD and related issues, including the October 2016 chest x-ray and the November 2016 pulmonary function test. See id. (citing Ex. 6F). After acknowledging Plaintiff's stated symptoms, however, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were inconsistent with the evidence showing that Plaintiff had undergone a limited level and amount of treatment for his pain, fatigue, and shortness of breath, and reported a good level of activities of daily living. See id. at 19-20 (citing treatment notes showing conservative treatment including prescription medication and prescription of a CPAP machine). With respect to the objective evidence, the ALJ noted that, although the records showed some poor air exchange and a BMI of over 30, they also indicated no acute distress and clear lungs. Id. (citing Exs. 5F & 6F). He also acknowledged that the diagnostic studies revealed some severe obstructive lung disease, but

otherwise were generally good, with only some indication of a right hilar lung nodule and mild density in the right lung base. Id.

In his analysis, the ALJ gave significant weight to the state agency reviewing physician who opined that Plaintiff had limitations consistent with restricted medium work. Id. In this regard, it is not dispositive that the state agency physician did not review the October 2016 x-ray or November 2016 pulmonary function test before rendering his opinion. See ECF No. 11-3 (Ex. 1A). It is well-established that the fact certain evidence may post-date a state agency medical opinion does not prohibit the ALJ from considering that opinion in making his RFC findings. See Chandler, 667 F.3d at 361 ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Moreover, the state agency physician did not ignore Plaintiff's COPD or related pulmonary issues. To the contrary, he recognized COPD as a severe impairment and assessed related limitations including avoidance of concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dust, gases, poor ventilation, etc., as well as all exposure to hazards such as machinery and heights. See ECF No. 11-3 (Ex. 1A). The ALJ likewise acknowledged Plaintiff's COPD and incorporated similar limitations into his RFC finding. See ECF 11-2 at 20-21. In giving the state agency physician's opinion significant weight, the ALJ expressly stated that the opinion was consistent with the record as a whole, including the medical records at issue. See id. (citing Exs. 3F, 6F, and Hearing Testimony). In addition, the ALJ's reduction of Plaintiff's RFC from medium to light work as of April 17, 2018, did not rest on an exacerbation of Plaintiff's lung function. Rather, the ALJ cited an increase in severity of Plaintiff's lumbar issues as the reason for the greater restrictions. See id. at 21 (citing Ex. 8F).

  
Finally, the ALJ did not err in failing to obtain a Medical Expert to help determine Plaintiff's onset date. Social Security Ruling 18-1 sets forth that one of its purposes is to "clarify that an . . . ALJ . . . *may, but is not required to,* call upon the services of a medical expert (ME), to assist with inferring the date that the claimant first met the statutory definition of disability." S.S.R. 18-1 (emphasis added). The Ruling further emphasizes that "[t]he decision to call on the services of an ME is *always* at the ALJ's discretion. Neither the claimant nor his or her representative can require an ALJ to call on the services of an ME to assist in inferring the date that the claimant first met the statutory definition of disability." Id. (emphasis added). Plaintiff's "respectful disagreement" with SSR 18-1 is not a persuasive reason to disregard the ruling or to find an abuse of discretion in this case. As set forth above, substantial evidence supports the ALJ's RFC findings, including his findings regarding Plaintiff's COPD and related limitations. Based on the same, I find that the ALJ did not abuse his discretion in failing to appoint an ME prior to making his RFC determination in this case.[3]

### III.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows

---

[3] To the extent Plaintiff additionally submits that the ALJ impermissibly relied on sporadic or transitory activities of daily living in support of his RFC finding, that argument is without merit. [ECF No. 20 at 19-20]. The ALJ did not rely on Plaintiff's ADLs as the measure of Plaintiff's ability to maintain competitive employment. Rather, consistent with applicable regulations, the ALJ considered Plaintiff's activities, including coaching a little league team, babysitting, bowling, and going to the gym, mall, football games, the amusement park, and family events, as a factor in evaluating the intensity and persistence of his symptoms. See 20 C.F.R. § 1529(c)(3)(i). As set forth above, substantial evidence, including medical records, test results, and medical opinion evidence, more than adequately supports the ALJ's RFC findings.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN EUGENE CALDWELL,          )
                               )
            Plaintiff,         )
                               )
      vs.                      )     Civil Action No. 1:20-100
                               )
KILOLO KIJAKAZI, Acting Commissioner of  )
Social Security[1],            )
                               )
            Defendant.         )
                               )

AMBROSE, Senior District Judge


## ORDER OF COURT

AND NOW, this 31st day of January, 2022, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and that Defendant's Motion for Summary Judgment [ECF No. 21] is GRANTED and Plaintiff's Motion for Summary Judgment [ECF No. 19] is DENIED.

                          BY THE COURT:


                          /s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          U.S. Senior District Judge

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.